RECEIVED
IN ALEXANDRIA, LA
AUG 2 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **GEORGE C. WILLIAMS** | **DOCKET NO. 1:04 CV 1976** |
| | **SECTION P** |
| **VS.** | **JUDGE DEE D. DRELL** |
| **RANDY MAXWELL, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for a Temporary Restraining order [Rec. Doc. 5], filed by *pro se* Plaintiff, **GEORGE C. WILLIAMS**. Plaintiff is currently confined at the Richwood Correctional Center in Monroe, Louisiana but complains of events while at Concordia Correctional Center in Concordia Parish. This motion was filed alongside Plaintiff's Bivens[1] action, alleging violations of Plaintiff's constitutional rights.[Rec. Doc. 1].

The following motion was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636 and a standing order of this Court.

### STATEMENT OF CLAIM

By the instant motion, Plaintiff seeks to have the Court issue

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 29 L.Ed. 2d 619, 91 S.Ct. 1999 (1971) affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. *See* Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999).

a restraining order against the defendants.[Rec. Doc. 3, p.2]. Plaintiff alleges he should be protected from "future harm" that "be coming inflicted upon him at the fault of prison guards".

## LAW AND ANALYSIS

Fed.R.Civ.P. 65 governs the procedural prerequisites for the issuance of a Temporary Restraining Order. It reads in pertinent part:

> ... (b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it **clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition,** and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required....(emphasis added)

To obtain a TRO, an applicant must satisfy the requisite elements for obtaining a preliminary injunction. See, Henry v. Baker 2001 WL 1112441 (N.D.Tex.,2001). To succeed on a preliminary injunction, Plaintiff must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable

2

injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. Enrique Bernat F., S.A. v. Guadalajara, Inc., 210 F.3d 439, 442 (5th Cir.2000).

Plaintiff has shown no substantial threat of irreparable injury, if the requested injunction is not issued. Plaintiff is no longer at the facility from whom he seeks protection. Further, and implicitly, Plaintiff has failed to show specific facts demonstrating he will suffer immediate, irreparable injury if an injunction is not granted by this Court. Plaintiff must show more than he has shown to demonstrate a substantial threat of irreparable injury. He thus cannot obtain a TRO or a preliminary injunction. The Court does not issue a TRO or an injunction on unsubstantiated fears of irreparable injury. Plaintiff must affirmatively show a substantial threat of irreparable injury. He has not done so.

Plaintiff has failed to clearly show specific facts which lead this court to believe immediate and irreparable harm will result to Plaintiff.

Accordingly,

**IT IS RECOMMENDED** that the instant "Motion for a Temporary Restraining Order" [Rec. Doc. **3**] be **DENIED**.

**OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

3

Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[2]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 24th day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).