

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE D. WILLIAMS | DOCKET NO. 1:04 CV 1976 |
| | SECTION P |
| VS. | JUDGE DRELL |
| RANDY MAXWELL | MAGISTRATE JUDGE KIRK |

### MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **GEORGE D. WILLIAMS**, ("Plaintiff").[Rec. Doc. 1]. Plaintiff was granted permission to proceed *in forma pauperis* on October 7, 2004. [Rec. Doc. 3]. Plaintiff is currently incarcerated at the Richwood Correctional Center ("RCC") in Monroe, Louisiana, but he complains of events occurring at the Concordia Parish Prison. [Rec. Doc. 1, p.1] Named as defendants are: Randy Maxwell, Russell Butler, Debra Cowan, Concordia Parish Prison, Concordia Parish Medical Department, Concordia Parish Guards, Concordia Parish Prison Chief of Security and Mr. River.

Plaintiff alleges the defendants provided him with inadequate medical care in violation of the constitution, failed to protect Plaintiff, and denied his Access to Courts.

Plaintiff was ordered to amend his complaint on June 9, 2005 and he timely complied with the order.

At this time the Court is unable to proceed on Plaintiff's

claim without more information. Plaintiff has been granted permission to proceed *in forma pauperis* in the instant action, therefore, his complaint is subject to the screening provisions established in 28 U.S.C.§ 1915(e). Accordingly, in order to determine if is his civil rights claim is actionable, he should amend to provide this court with more information. See <u>Talib v. Gilley</u>, 138 F.3d 211 (5th Cir. 1998) (allowing the use of questionnaires or an evidentiary hearing in order to aid a court in the determination if an *in forma pauperis* complaint is frivolous).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as a defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) a description of the Plaintiff's medical condition;
(2) whether Plaintiff currently suffers from the condition; Please explain.
(3) Please fully describe why you have a serious medical need.
(4) Give facts to show that the defendants are deliberately indifferent to your needs.
(5) **Please send a copy of the personal medical history you allege documents your condition and all treatments that is referenced in your complaint.**

## FAILURE TO PROTECT

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment affords inmates a measure of

2

protection from violent attacks by other inmates. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). However, to establish a failure to protect claim under § 1983, **Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his safety AND** that the **Defendants were deliberately indifferent** to his need for protection. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). To act with deliberate indifference, "the **official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.**" Id., 114 S.Ct. at 1979. Prison officials are not liable for failure to protect if (1) "they were **unaware** of even an obvious risk to inmate health or safety," (2) "they did not know of the underlying facts indicating a sufficiently substantial danger," (3) "they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Plaintiff's complaint needs to name what action each named defendant has taken in violation of his constitutional rights. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates, however, not

3

every injury suffered by a prisoner rises to the level of a constitutional violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed. 2d 811, 823 (1994). In order to determine whether a constitutional claim has been stated, Plaintiff should amend his complaint and include the following information:

(1) The name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) A description of what each defendant did to violate plaintiff's constitutional rights;

(3) Did Plaintiff and the inmates who attacked him, exchange any words or get into any fights prior to the attack which is the subject of this lawsuit? Explain;

(4) If so, were the correctional officials told or made aware of these incidents?

(5) If so, where any actions taken to separate the Plaintiff and his attacker from each other during community and/or recreational times at the prison?

(6) Was Plaintiff given an incident report in connection with this incident?

(6) Describe all medical care given for your injuries? Include when and by whom?

Before this court determines the proper disposition of Plaintiff's claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint. <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

**Accordingly,**

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as

outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment. The amendment should not exceed five (5) typewritten or ten (10) handwritten pages, one side ONLY.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address pursuant to LR 41.3W.**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _1st_ day of _September_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE