RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA LOUISIANA
DATE  11 / 04 / 05
BY  JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE D. WILLIAMS | DOCKET NO. 1:04 CV 1976 |
| | SECTION P |
| VS. | JUDGE DRELL |
| RANDY MAXWELL | MAGISTRATE JUDGE KIRK |

## Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **GEORGE D. WILLIAMS**,("Plaintiff").[Rec. Doc. 1]. Plaintiff was granted permission to proceed *in forma pauperis* on October 7, 2004. [Rec. Doc. 3]. Plaintiff is currently incarcerated at the Richwood Correctional Center ("RCC") in Monroe, Louisiana, but he complains of events occurring at the Concordia Parish Prison. [Rec. Doc. 1, p.1] Named as defendants are: Randy Maxwell, Russell Butler, Debra Cowan, Concordia Parish Prison, Concordia Parish Medical Department, Concordia Parish Guards, Concordia Parish Prison Chief of Security and Mr. River.

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is ~~thus~~ subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress

from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an

arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

### Failure to protect

Plaintiff alleges the Prison guards left their duty stations and there was not proper security in the dorms when he was attacked by other inmates.

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment affords inmates a measure of protection from violent attacks by other inmates. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). However, to establish a failure to protect claim under § 1983, Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his safety and that the Defendants were deliberately indifferent to his need for protection. Farmer v.

Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). To act with **deliberate indifference,** "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., 114 S.Ct. at 1979. Prison officials are not liable for failure to protect if (1)"they were unaware of even an obvious risk to inmate health or safety," (2)"they did not know of the underlying facts indicating a sufficiently substantial danger," (3)"they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Plaintiff's allegations do not state a claim for failure to protect. Additionally, Plaintiff failed to articulate facts that support a claim of deliberate indifference. His claims are conclusory at best, and this is insufficient to support a claim of failure to protect. Thus, Plaintiff's claim should be dismissed as frivolous pursuant to 28 U.S.C.§ 1915(e).

### Inadequate Medical Care

In order to state a section 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321 303, 115 L. Ed. 2d 271

(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, (1994). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing, Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)). The legal conclusion of deliberate indifference, therefore, must rest on facts clearly evincing wanton actions on the part of the defendants. Johnson, 759 F.2d at 1238. Similarly, a showing of deliberate indifference requires both knowledge and disregard of a significant risk of harm. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001). However, a disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). See also, Norton v. Dimanazana, 122 F. 3d 286, 291 (5th Cir. 1997)(An inmate's

disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation); Varnado, 920 F.2d at 321 (Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension).

Furthermore, negligent medical care does not constitute a valid section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); See also, Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993)(It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a §§ 1983 claim). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See, Stewart v Murphy, 174 F.3d at 534; Mendoza, 989 F.2d at 195; and Varnado, 920 F.2d at 321.

According to Plaintiff's allegations, doctors refused to give him proper medical needs and attention. This does not state a claim for inadequate medical care. Additionally, Plaintiff failed to articulate facts that support a claim of deliberate indifference. Thus, Plaintiff's claim should be dismissed as

frivolous pursuant to 28 U.S.C.§ 1915(e).

**ACCESS TO COURTS**

To state a claim for denial of access to the courts, the plaintiff must set forth facts showing that he was denied access <u>and</u> that he sustained an "actual injury." <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). The Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999). In order to prove actual injury, the plaintiff must demonstrate "that his position as a litigant was prejudiced" by the denial of access to the courts. <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993).

Among other things, plaintiff demands that the defendants be prosecuted for the criminal offense of assault and battery. There is no constitutional right to have a person criminally prosecuted. See *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

Therefore, he has not met his burden and his claim must be dismissed as frivolous pursuant to 28 U.S.C. § 1915 A.

**Accordingly,**

**IT IS RECOMMENDED** that all claims against the defendants be **DISMISSED** for failing to state a claim upon which relief can be granted and frivolity in accordance with 28 U.S.C. § 1915 A.

<u>OBJECTIONS</u>

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were not objected to by the aforementioned party, except upon grounds**

of plain error.[1]

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 3rd day of November, 2005.

    _____
    JAMES D. KIRK
    UNITED STATES MAGISTRATE JUDGE

---

[1] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).