# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE D. WILLIAMS | CIVIL ACTION NO. 04-1976-A |
| -vs- | JUDGE DRELL |
| RANDY MAXWELL, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation suggesting Plaintiff's claims against all Defendants be dismissed for failing to state a claim upon which relief can be granted and frivolity. (Document No. 13.) After reviewing the entire file in this matter, including the written objections, and concurring in part with the Magistrate Judge's findings under the applicable law, this Court adopts the Magistrate Judge's Report and Recommendation, subject to the following modifications: Plaintiff's claims against all Defendants except Lance Moore and "Officer Groult" are DISMISSED WITH PREJUDICE. Service of process on Mr. Moore and "Officer Groult" shall be effected in accordance with the Federal Rules of Civil Procedure under the tutelage of the Magistrate Judge.

Plaintiff has alleged that he initially requested protective custody from officials at the Concordia Parish Correctional Facility No. 2 in March 2003 based

on Plaintiff's claims he had been labeled by other inmates as an informant and was subject to potential physical harm. Mr. Williams was initially removed from the general population and was subsequently placed in a "trustee dorm" where he was told he would be safe. (Document No. 1, pp. 24-26.) Plaintiff's incarceration then apparently proceeded without incident until October 2003, when Lance Moore, identified by Mr. Williams as "Chief of Security," fired Plaintiff from his job as inmate counsel. Mr. Williams claims that, approximately two weeks later, he was told to move out of the trustee dorm, and he again requested protective custody. In response, he was "told by Officer Groult that [he] would be safe" in the new dorm. (Document No. 1, p. 28.) However, Plaintiff contends he was beaten by his fellow inmates shortly after contraband was seized from the dorm on November 5, 2003.

These allegations, accepted as true, could arguably form the basis of a claim against Mr. Moore and "Officer Groult" for failure to protect Mr. Williams from the violent attack of other inmates. In light of the liberal construction to be afforded the pleadings of *pro se* litigants and the fact the case is only being screened for *sua sponte* dismissal at this time, the Court is not yet willing to dismiss Plaintiff's § 1983 claims against Lance Moore and "Officer Groult."

Accordingly, IT IS ORDERED that Plaintiff's claims against all Defendants except Lance Moore and "Officer Groult" are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this matter be returned to Magistrate Judge James D. Kirk for further proceedings as appropriate.

SIGNED on this <u>5th</u> day of January, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge