RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE   12 8  06
BY  ___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAMS | CIVIL ACTION NO. 04-1976 |
| VERSUS | JUDGE DEE D. DRELL |
| MAXWELL, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, *in forma pauperis*, by pro se plaintiff George D. Williams. On January 16, 2006, the court ordered the parties to file motions for summary judgment or statements of factual issues for trial. Plaintiff and defendants failed to comply with the Order. Therefore, all parties were ordered to show cause and to comply with the order on August 10, 2006. Only defendants complied with that Order. Plaintiff was again ordered to comply with the two orders on October 6, 2006 and was advised that failure to comply would be grounds for dismissing his case. Plaintiff has still not complied with the orders and given the court no reason for his failure to do so.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Because Plaintiff has failed to comply with the Court's Orders of January 10, 2006, August 8, 2006 and October 6, 2006, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED**

in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 8th day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE